**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| KENNETH MURRAY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:13cv00477 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JEFFREY DILLMAN, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Kenneth Murray, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Halifax County Circuit Court. I find that Murray did not fully exhaust his state court remedies before filing this federal habeas petition and, therefore, I will dismiss this action without prejudice.

**I.**

On May 14, 2009, after a jury trial in the Halifax County Circuit Court, the court convicted Murray of second degree murder and sentenced him to 30 years incarceration. Murray appealed to the Court of Appeals of Virginia and the Supreme Court of Virginia, arguing that he acted in self-defense. The Supreme Court of Virginia refused his appeal on September 23, 2011. Murray did not file a petition for writ of certiorari to the Supreme Court of the United States. Murray filed a petition for writ of habeas corpus in the Halifax County Circuit Court on October 19, 2012, arguing that counsel provided ineffective assistance. The circuit court dismissed Murray's habeas petition on March 14, 2013. Murray indicates, and state court online records confirm, that he did not file a habeas petition in the Supreme Court of Virginia. In his instant habeas petition, Murray argues that counsel provided ineffective assistance.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. *Slayton v. Smith*, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. *See* Va. Code § 8.01-654. In this case, it is clear that Murray has yet to pursue his instant claims in the Supreme Court of Virginia. Accordingly, I find that Murray's petition is unexhausted.[1]

## III.

Based on the foregoing, I will dismiss Murray's habeas petition, without prejudice, as unexhausted.

**ENTER**: This 3rd day of December, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, it appears that, absent grounds to equitably toll the statute of limitations, Murray's § 2254 petition is also untimely filed.